# In the United States Court of Federal Claims

No. 21-1588C
(Filed: January 4, 2022)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

GEORGE B. HUTCHINSON, JR.,

      *Plaintiff*,

v.

THE UNITED STATES,

      *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

    Plaintiff, appearing *pro se*, filed his complaint on July 16, 2021, asserting a "discrimination/retaliation claim." Compl. at 4. Plaintiff's complaint seeks "return of his Official records . . . production/reveling [sic] of all assessments for, military pay and grade and all other benefits of entitlements, upgrades, failed to be provided by [the government] plus resource recovery for work under the Equal to Access Justice Act compensation of 1.3 million per annum from July 2015 thru February 2021 and/or continuous until completion of proper Military pay entitlements benefits are corrected." Compl. at 7. Defendant filed a motion to dismiss plaintiff's complaint for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Plaintiff filed his response on November 24, 2021. Oral argument is deemed unnecessary. For the reasons given below, we grant defendant's motion to dismiss for lack of jurisdiction.

    Under RCFC 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). Once determining it lacks subject matter jurisdiction, however, the court must dismiss the action.

We agree with defendant that plaintiff's complaint must be dismissed for lack of jurisdiction. Although plaintiff's complaint is difficult to follow, it is clear that Mr. Hutchinson's discrimination and retaliation claim are either tort-based claims or criminal violations, neither of which falls within this court's limited jurisdiction. *See, e.g.*, *Montano Electrical Contractor v. United States*, 114 Fed. Cl. 675, 681 (2014); *see also McCauley*, 38 Fed. Cl. 250, 265-66 (1997) (no jurisdiction over race discrimination, sexual harassment, hostile work environment, or retaliation claims); *Rick's Mushroom Serv. v. United States*, 521 F.3d at 1343 (Fed. Cir. 2008) ("the plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort"); *Cottrell v. United States*, 42 Fed. Cl. 144, 149-150 (1998) ("there is no Tucker Act jurisdiction in the Court of Federal Claims to entertain claims involving race, sex, and age discrimination or other claims involving civil rights violations."). Even *pro se* plaintiffs have the burden of establishing the Court's jurisdiction. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Plaintiff has failed to meet this threshold.

Further, Mr. Hutchinson's request for equitable relief is not grounded in an express or implied-in-fact contract with the United States, or a money-mandating provision of law, as required by the Tucker Act. *See Richardson v. Morris*, 409 U.S. 464, 465 (1973) ("[T]he [Tucker] Act has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States."); *Bowen v. Massachusetts*, 487 U.S. 879, 905 (1988) ("The Claims Court does not have the general equitable powers of a district court to grant prospective relief. Indeed, we have stated categorically that 'the Court of Claims has no power to grant equitable relief.'" (quoting *Richardson*, 409 U.S. at 465)). Thus, this court lacks jurisdiction to consider plaintiff's complaint and cannot grant him the relief he seeks.

## CONCLUSION

Because we conclude that plaintiff's complaint is not within the subject matter jurisdiction of the court, we grant defendant's motion to dismiss the complaint pursuant to RCFC 12(b)(1). The Clerk of Court is directed to enter judgment for defendant. No costs.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge
